```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


CATHERINE RODRIGUEZ,           )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:02 cv 254
                               )
TRUMP CASINO and/or TRUMP      )
INDIANA, INC.,                 )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion for Leave to File Second Amended Complaint filed by the plaintiff, Catherine Rodriguez, on May 29, 2008. For the reasons set forth below, the motion is **GRANTED**.

Background

The plaintiff, Catherine Rodriguez, while employed as a dealer on a gaming boat owned by the defendant, Trump Casino, was injured in a cafeteria provided for employee use. The location of this facility and its relation to Rodriguez's allegation that her claim arises under the Jones Act, 46 U.S.C.A. §30104, is the subject of a separate motion for summary judgment filed prior to a stay entered in this matter upon the defendant's bankruptcy. The summary judgment motion remains pending.

Returning to the case after the close of the bankruptcy proceeding, Rodriguez seeks leave to file a second amended complaint adding allegations that, since the injury, the defendant's conduct has "prolonged, worsened and/or aggravated" Rodriguez's injury. Rodriguez alleges that Trump's conduct,

including failing to authorize prompt payment for maintenance and cure, was a separate violation.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See generally* **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. **Jackson v. Rockford Housing Authority**, 213 F.3d 389, 390 (7th Cir. 2000). The decision of the court to deny leave to amend a complaint is reviewed for abuse of discretion. **Ajayi v. Aramark Business Services**, 336 F.3d 520, 530 (7th Cir. 2003).

The court may deny leave because the amendment is futile. **Bethany Phamacal Company, Inc. v. QVC, Inc.**, 241 F.3d 854, 861 (7th Cir. 2001). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). However, if a summary judgment motion is pending, futility may be shown with reference to the entire summary judgment record. **Peoples v. Sebring Capital Corp.**, 209 F.R.D. 428, 430 (N.D. Ill. 2002). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* Wright & Miller, 6 *Federal Practice & Procedure* §1487, at 637-642 (2d ed. 1990)("If the proposed change clearly

is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

Leave to amend also may be denied for untimeliness. Such reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." ***Foman***, 371 U.S. at 182, 83 S.Ct. at 230. The denial of a motion to amend pleadings is proper if the discovery and dispositive deadlines have passed and the motion is filed near the trial date.

Trump objects to the amendment on the sole basis that the recovery sought by the amendment already is encompassed by the prior complaint. Consequently, Trump infers that the amendment is sought only to delay a ruling on the motion for summary judgment or to re-open discovery. However, Rodriguez has sought neither relief.

The court further concludes that the plaintiff's amendment can be read to state a claim separate from those stated in the prior complaint. The obligation of maintenance and cure arises separately from Jones Act liability. ***Greenwell v. Aztar Indiana Gaming Corporation***, 268 F.3d 486, 489 (7th Cir. 2001)("Had Greenwell's back pain been caused by an injury sustained at work, as she originally charged, and had the malpractice in treating her been committed by a doctor employed by Aztar, her employer, Aztar would have been liable in accordance with standard princi-

3

ples of respondeat superior. It would have been liable under both the Jones Act and the doctrine of maintenance and cure.").

In addition, the scant reference to maintenance and cure in the earlier complaint may not be sufficient to state this claim under basic pleading standards. Though a short plain statement is the minimum requirement, "in practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." ***Bell Atlantic Corporation v. Twombly***, ___ U.S. ___, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007)(internal citations and quotations omitted); ***E.E.O.C. v. Concentra Health Services, Inc.***, 496 F.3d 773, 776 (7th Cir. 2007)("allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."). It is far from clear that Rodriguez's single mention in her prior complaint of "maintenance and cure" would be seen to raise a claim alleging that, after the filing of that complaint, Trump's conduct constituted separate violations of this doctrine. Accordingly, to the extent that Trump's objection is construed to argue that amendment is futile, it is not accurate. Rodriguez's motion for leave to file an amended complaint is **GRANTED.**

_____

For the foregoing reasons, the Motion for Leave to File Second Amended Complaint filed by the plaintiff, Catherine Rodriguez, on May 29, 2008, is **GRANTED.** The plaintiff is **DIRECTED**

**TO FILE** separately the amended complaint attached as an exhibit to her motion.

ENTERED this 7th day of August, 2008


                             s/ ANDREW P. RODOVICH
                                  United States Magistrate Judge